Robert F. CAMPBELL, Jr., Appellant,

v.

Betty L. CAMPBELL, Appellee.

No. 18437.

Court of Appeals of Texas,
Fort Worth.

Nov. 18, 1981.
Rehearing Denied Dec. 16, 1981.

Feigl & Arnott, Inc., Fred J. Feigl, Richardson, for appellant.

The Wesbrooks-Yandell Firm, P. C., Perry Wesbrooks and Ron L. Yandell, Wichita Falls, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

JORDAN, Justice.

This is an appeal from a judgment of the trial court dissolving the bonds of matrimony, providing for a division of the parties' property, awarding appellee wife attorney's fees of $20,000.00, continuing in effect pending appeal a temporary support order, and assessing court costs against appellant. The appeal from this non-jury trial is based on appellant's contention that the trial court abused its discretion in its division of the parties' community estate and continuing in effect during this appeal an order of temporary alimony.

We affirm the judgment of the trial court.

The parties were married March 22, 1977, and on July 3, 1980, after a week long non-jury trial, were divorced on grounds of insupportability. They had lived together as man and wife only eighteen months. Appellant was a self-employed oil producer with a separate estate, according to the evidence of approximately $1,000,000.00, a considerable part of which was derived from the estate of his deceased father. Appellee, married five times previously, was an alcoholic, unemployed during the marriage and at the time of divorce.

The trial court, in its findings of fact and in its judgment, found the gross value of the community estate of the parties to be $242,209.00, the community indebtedness to be $157,838.00 for a net value of the community of $84,391.00. Of this the court awarded appellee community property having a net value of $80,874.00 and awarded appellant the balance of the community of approximately $3500.00. However, the court also ordered appellant to pay $20,-000.00 attorney's fees for appellee, so that appellant was actually awarded a community interest that had a $23,500.00 negative value.

In his first point of error appellant argues that the trial court abused its discretion in dividing the community property of the parties in a manner manifestly unfair and unjust. Appellant complains generally about what he terms is a grossly unfair distribution of the community property because of the total value of the community of $84,391.00 appellee was awarded property of the value of $80,874.00. He also, by several so-called subpoints under his first point of error, asserts error on the part of the trial court in finding that a Mercedes Benz automobile was a gift to appellee, that appellant's commission as the independent executor of the estate of his father, of $50,000.00, was a community asset, and in the valuation the court put on a certain oil and gas lease and on certain National Mortgage Association (GNMA) Bonds. In another subpoint under his first point of error appellant is also critical of the court's awarding $20,000.00 attorney's fee for ap-

pellee to be paid by appellant without charging the community estate of the parties.

■ The Tex. Family Code Ann. § 3.63 (1975) provides for the division of the parties' property upon divorce:

"In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."

The trial court has wide discretion in dividing the estate of the parties and that division should be corrected on appeal only when an abuse of discretion has been shown. *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923); *In re Marriage of Jackson*, 506 S.W.2d 261 (Tex.Civ.App.—Amarillo 1974). Such discretion, however, is not unlimited, and there must be some reasonable basis for an unequal division of the community property. *Tarin v. Tarin*, 605 S.W.2d 392 (Tex.Civ.App.—El Paso 1980, no writ); *McKibben v. McKibben*, 567 S.W.2d 538 (Tex.Civ.App.—San Antonio 1978, no writ).

■ In exercising its discretion the trial court may consider many factors and it is presumed that the trial court exercised its discretion properly. *Bell v. Bell*, 513 S.W.2d 20 (Tex.1974). The trial court may consider such factors as the spouses' capacities and abilities, benefits which the party not at fault would have derived from continuation of the marriage, business opportunities, education, relative physical conditions, relative financial condition and obligations, disparity of ages, size of separate estates, and the nature of the property. Also, the consideration of a disparity in earning capacities or of incomes is proper and need not be limited by "necessitous" circumstances. *Murff v. Murff*, 615 S.W.2d 696 (Tex.1981); *Clay v. Clay*, 550 S.W.2d 730 (Tex.Civ.App. —Houston [1st Dist.] 1977, no writ).

■ Our task here is to apply the law as stated above to the fact situation in this case to determine whether or not the trial court abused its discretion in making the distribution of the community property. The trial court filed rather voluminous findings of fact, all of which have support in the evidence, and conclusions of law.

The court found a wide disparity between the capacity and abilities of appellant and appellee as well as in their physical conditions, business opportunities and in the size of their separate estate. Briefly stated the evidence revealed, and the court found, the appellant had a separate estate of approximately $1,000,000.00, as compared to very little, if any, separate estate for appellee, and that appellant is engaged in a profitable oil and gas business while appellee was, during most of the marriage and at the time of the divorce trial, unemployed because of her drinking problem. The evidence also showed that appellee had been hospitalized for alcoholism on several occasions since the filing of the divorce action and that she was unable to control her drinking problems up to and during the pendency of this divorce action. The trial court also found that appellee was in necessitous circumstances and that there was a great disparity and variance in the earning capacities of the parties. The evidence also reveals, and the court found, that while appellant at one time also had a drinking problem he had had it under complete control for at least seven consecutive years at the time of trial. Appellant was relatively healthy and fully able to be gainfully employed at all times prior to and during the pendency of this divorce suit, capable of and in fact earning a very substantial annual income.

Under this record we cannot say that the trial court abused its discretion in awarding appellee most of the parties' community estate. The award of attorney's fees for appellee was also proper and within the authority and discretion of the trial court. The attorney's fees were reasonable and necessary.

We have considered all of the matters raised by appellant in his first point of error, including those urged in his subpoint under the first point, and overrule this point.

Appellant next contends in his second and third points of error, that the trial court erred in continuing the award of $1000.00 monthly alimony for the benefit of appellee and in "failing to consider the effect of an award of temporary alimony pending appeal upon the division of the property . . . ." Appellant says that in awarding temporary alimony pending any appeal from the trial court's judgment, the court exceeded its jurisdiction and authority under Tex.Family Code Ann. § 3.59 (1975). This section provides:

"After a petition for divorce or annulment is filed, the judge, after due notice may order payments for the support of the wife, or for the support of the husband, until a final decree is entered."

We first hold in this regard that the order continuing the temporary alimony payments pending any appeal is interlocutory in nature, not a final order, and hence is not appealable. We refer to the judgment of the trial court which reads in part: "It is ORDERED that the temporary orders heretofore entered in this cause are dissolved with the exception that the dissolution of marriage shall be contemporaneous with the finality of this judgment and, in accordance with Section 3.59 of the Texas Family Code, the temporary order for support of Betty L. Campbell shall continue until all appeals, if any, from this final judgment are completed and mandate be issued." The judgment of divorce is not at this time final and appellant's duty to support appellee continues. *Clay v. Clay, supra.*

In the event that the order of temporary alimony pending on appeal is held to be an appealable order we hold that appellant's contentions in his second and third points of error are effectively answered by the above quoted section from the Tex. Family Code Ann. and from Finding of Fact No. XII and Conclusions of Law No. VII in the transcript in this record. The trial court found in finding No. XII "that it is highly unlikely and improbable that Respondent (appellee) can support herself in absence of the continuation of payment of temporary alimony from petitioner (appellant) pending the finality of the court's judgment and decree of divorce after appeal."

A further fact finding made was that "In this regard, the Court finds that in the event of any appeal from the decree of this Court, the community income of the marriage would continue under the substantial control of Petitioner and will continue to accrue and be received by the Petitioner. The Court finds that the Petitioner is well able to pay and should pay Respondent temporary support out of the community income in the sum of $1000.00 per month pending the outcome of any appeals." It is obvious from this finding of fact that the trial court did in fact, contrary to appellant's contention, order the temporary alimony paid out of the community estate. It was to be paid out of the monthly community income which will be under control of appellant. This finding is well supported by the evidence in this case, and is authorized by Tex. Family Code Ann. § 3.59 as found by the trial court in Conclusion of Law No. VII. *Clay v. Clay, supra.*

All of appellant's points of error are overruled and the judgment of the trial court is affirmed. In view of our ruling on these points of error, we do not find it necessary to rule on appellee's counterpoints of error.