**Billy Lynn JONES, Appellant,**

v.

**Tommie Sue JONES, Appellee.**

**No. 9309.**

Court of Appeals of Texas, Texarkana.

Sept. 10, 1985.

J.D. Bucky Allshouse, Houston, & Kelvin Wyrick, Texarkana, for appellant.

John Lohmann III, Houston, for appellee.

GRANT, Justice.

Billy Lynn Jones appeals the property division portion of the trial court's divorce decree dissolving his marriage to Tommie Sue Jones. Mr. Jones raises numerous points of error challenging the discretion of the trial court, the applicability of the right of reimbursement due to any enhancement of Mr. Jones' separate estate by the community estate, and the awarding of particular assets of a partnership owned by Mr. Jones and his brother as part of the property division and as security on a money judgment in favor of Mrs. Jones.

Mr. Jones contends that the total division of the community estate constitutes an abuse of discretion by the trial court in violation of Tex.Fam.Code Ann. § 3.63 (Vernon Supp.1985), and that the factors considered by the trial court are not supported by the evidence.

We find sufficient evidence to support the trial court's consideration of all the factors contained in Finding of Fact and Conclusion of Law No. 14. In exercising its discretion in dividing community property in a divorce action the trial court may consider many factors and it is presumed that it exercised its discretion properly. The factors, among others, include the spouses' respective earning capacities and abilities, business opportunities, education, relative financial conditions and obligations, relative size of separate estates, and the nature of the property in issue. *Murff v. Murff*, 615 S.W.2d 696 (Tex.1981). Upon examination of each of these factors in the record we find that Mr. Jones had a distinct advantage in education, earning capacity, business abilities and opportunities, and in his large separate estate. Furthermore, some of Mr. Jones' community partnership interests and that property's true market values were so tied to, related with, and dependent upon the workings of his and his brother's separate corporate business interests and property, to cause the nature of such property to be a very important factor.

Though Mrs. Jones received the house with accompanying real property which is a primary community asset, she also has managing conservatorship of the two children, and Mr. Jones' court ordered monthly child support payments are reasonable in view of the entire record. The evidence indicates Mr. Jones failed to make some of the court ordered temporary support payments and other fees, and the record reflects his usage of community property funds for his personal benefit contrary to the temporary orders. Under such circumstances the trial court can consider a money judgment in the final divorce decree for the benefit of the wife. Further, reasonable attorney's fees is another factor the trial court can consider in making an equitable division of the estate concerning the needs of the parties and their surrounding circumstances. *Murff v. Murff*, supra; *Cook v. Cook*, 679 S.W.2d 581 (Tex.App.— San Antonio 1984, no writ); *Simpson v. Simpson*, 679 S.W.2d 39 (Tex.App.—Dallas 1984, no writ).

We disagree with Mr. Jones' contention that he received fourteen percent of the community property and Mrs. Jones received eighty-six percent. We are hesitant to place a percentage figure upon the division in this case, even though after reviewing the entire record we find evidence which refutes Mr. Jones' percentages as well as evidence which could support his position. The record in this case does not enable this Court to determine the exact values of all the items of community property. Though the evidence reflects single values for some items, generally the trial court had before it a range of values for others. It was incumbent upon Mr. Jones to request additional findings of fact to establish the specific valuation of the various community property assets and liabilities used by the trial court. Tex.R.Civ.P.

298. Any omitted unrequested elements, which were supported by the evidence, will be supplied by presumption in support of the judgment. Tex.R.Civ.P. 299.

Exactness of percentage differences is not determinative of this appeal. Disparate divisions exceeding sixty percent to the wife and forty percent or less to the husband have been upheld where the facts so warrant. *See Cluck v. Cluck,* 647 S.W.2d 338 (Tex.App.—San Antonio 1982, writ dism'd); *Huls v. Huls,* 616 S.W.2d 312 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ); *Bokhoven v. Bokhoven,* 559 S.W.2d 142 (Tex.Civ.App.—Tyler 1977, no writ). We therefore find no clear abuse of discretion in the property division as a whole.

■■■ We find sufficient evidence to support the trial court's consideration of the community estate's right of reimbursement due to the enhancement of Mr. Jones' separate estate for a period of time after 1977, to the date of this cause of action; however, we find the evidence insufficient to support the enhancement prior to 1978. The trial court in its Finding of Fact and Conclusion of Law No. 13 found that the community estate was entitled to reimbursement equivalent to $15,000.00 per year without giving a time period, but in lieu of ordering a reimbursement by immediate payment or by money judgment, the trial court adjusted the proportionate division of the community property in favor of Mrs. Jones. Any deficiencies in Mrs. Jones' pleadings for reimbursement were waived since this point was not brought to the trial court's attention in writing prior to the signing of the judgment. *Hilton v. Hilton,* 678 S.W.2d 645 (Tex.App.—Houston [14th Dist.] 1984, no writ); Tex.R.Civ.P. 90. Furthermore, the specificity of reimbursement pleading as required in *Vallone v. Vallone,* 644 S.W.2d 455 (Tex.1982), is apparently no longer required. *Jensen v. Jensen,* 665 S.W.2d 107 (Tex.1984).

The reimbursement theory of *Jensen v. Jensen,* supra, is that the community will be reimbursed for the value of time and effort expended by either or both spouses to enhance the separate estate of either, other than that reasonably necessary to manage and preserve the separate estate, less the remuneration received for that time and effort in the form of salary, bonus, dividends, and other fringe benefits, those items being community property when received. The record contains evidence which indicates that after 1977 until the date of divorce Mr. Jones and his brother were the primary managing and operating officers of the N.E. Jones Oil Co. corporation. These two men were the only common stock holders with preferred stock owned by their father, who according to the record during these last years did not actively participate in the business. The various audit reports, income tax reports, and expert testimony support the fact that the business grew in sales, size, assets and profits by means not accountable to mere existence of inflation. The evidence indicated that after 1977, Mr. Jones' salary and the one time bonus payment was much lower than his actual value to the corporation, and ample funds were available to justly compensate Mr. Jones as well as his brother for increased salary purposes. And, primarily, most of Mr. Jones' time, talent and effort were occupied by this corporate business or other partnership ventures related to or arising from the business interests or properties of the N.E. Jones Oil Co. corporation.

■■■ The trial court erroneously awarded to Mrs. Jones $7,500.00 in the checking account of a partnership in which Mr. Jones and his brother were partners and required a deed of trust lien against Mr. Jones' interest in the same partnership's property as security for the $15,000.00 money judgment. A trial court in its discretion can give the wife an *interest* in the *partnership,* but not in specific *partnership property* where the husband and a third party are partners even though the husband's interest is community. *Jacobs v. Jacobs,* 687 S.W.2d 731 (Tex.1985); *McKnight v. McKnight,* 543 S.W.2d 863 (Tex.1976); *York v. York,* 678 S.W.2d 110 (Tex.App.—El Paso 1984, writ granted); Tex.Rev.Civ.Stat.Ann. art. 6132b, § 28–A

(Vernon 1970). Though the record indicates that Mr. Jones' share of the partnership checking account in the amount of approximately $7,500.00 was income, the evidence is insufficient to support any conclusion or finding that this amount was surplus or profits as intended under Tex. Rev.Civ.Stat.Ann. art. 6132b, §§ 26, 28 (Vernon 1970), as claimed by Mrs. Jones.

Conceivably, correction of the partnership asset errors is not complicated; however, Courts of Appeals, in reviewing property division on divorce, do not have authority to render judgment dividing the property of the spouses in a manner different from that of the trial court. *Jacobs v. Jacobs,* supra; *McKnight v. McKnight,* supra.

We reverse and remand this cause to the trial court for a new division of the community estate consistent with the authorities cited in this opinion.

BLEIL, J., not participating.