George Joseph OLIVER, Appellant,

v.

Delores Geraldine OLIVER, Appellee.

No. 2–87–014–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 3, 1987.

James B. Munford, Fort Worth, for appellant.

Barlow, Garsek & Bowers, Dwayne Hoover, Fort Worth, for appellee.

Before FENDER, C.J., and JOE SPURLOCK, II and FARRIS, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, George Joseph Oliver, appeals from a Decree of Divorce granting a divorce and dividing the estate of the parties. The central issue on appeal is the division of the estate.

We affirm.

Appellant's brief sets out the procedural history to this cause to which appellee agrees. Appellant's brief stated a final divorce decree was entered on June 2, 1986. Appellant moved for a new trial which was granted, and the June 2, 1986 divorce decree was set aside. The cause went to trial on November 13 and 14, 1986. The jury recommended that the division of the community estate be eighty percent (80%) to appellee and twenty percent (20%) to appellant. The court signed the final Decree of Divorce on December 17, 1986 from which appellant appeals.

In his first point of error appellant challenges the trial court's finding which states, "the real property located at 8704 Ontario, Fort Worth, Tarrant County, Texas is not a community asset, nor is it owned by either of the parties...."

■ Appellant claims the first divorce decree entered on June 2, 1986, ordered that the Ontario property be transferred to Randy and Gwen Wood. Appellant testified that he involuntarily signed a warranty deed transferring the property to the Woods in accordance with "Court orders." We note at this point that the record before us contains no proceedings in the statement of facts prior to the December 17, 1986 Decree of Divorce. However, even if we accept as true appellant's statements as to what the first decree allegedly ordered, the record before us shows that the warranty deed was signed on May 23, 1986, ten days prior to the entry of the first decree. Hence, we do not see appellant's actions as being involuntary as a direct result of a court order or final decree. Inasmuch as the record before us reflects only a warranty deed which appellant and appellee both properly executed, transferring the property to the Woods, we find that the trial court correctly found the Ontario property neither a community asset, nor owned by either of the parties. Appellant's first point of error is overruled.

Appellant's second point of error generally contends that TEX.FAM.CODE ANN. sec. 3.63(a) (Vernon Supp.1987) is unconstitutional.[1] Appellant asserts three grounds in support of his contention: (1) TEX.FAM. CODE ANN. sec. 3.63(a) creates a new type of separate property which exceeds the definition of separate property set out in the Texas Constitution; (2) the section is vague and indefinite; and (3) the section gives the trial court authority to divest a person of property rights which in turn violates a person's rights to substantive due process.

■ Appellant has mischaracterized the nature of the trial court's action under TEX.FAM.CODE ANN. sec. 3.63(a). In making a division of the community estate in accordance with TEX.FAM.CODE ANN. sec. 3.63(a), the trial court is not divesting one spouse of his community property and making it the separate property of the other spouse, thereby impermissibly enlarging the constitutional definition of separate property. We view the court's action not as creating separate property but rather as dividing community property which is well within the scope of the trial court's power. *See Cameron v. Cameron,* 641 S.W.2d 210, 215 (Tex.1982). Appellant's repeated reliance on *Cameron,* 641 S.W.2d 210 and *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137 (Tex.1977) to support his argument on the unconstitutionality of TEX.FAM.CODE ANN. sec. 3.63(a) is misplaced. Both of these cases address only the unconstitutionality of the court's action in divesting a spouse of his or her separate property by awarding the separate property to the other spouse. *See id.* The present case deals with the division, not the divesture, of community property rather than separate property.

■ As for appellant's contention that TEX.FAM.CODE ANN. sec. 3.63 is unconstitutionally vague, we believe there is ample case law which gives the section consistent and specific meaning. *See Cameron,* 641 S.W.2d 210; *Eggemeyer,* 554 S.W. 2d 137.

■ Appellant's argument that TEX. FAM.CODE ANN. sec. 3.63 deprives him of a vested property right without due process must also fail. The essential prerequisites of due process are notice and hearing. *Martinez v. Texas State Board of Medical Examiners,* 476 S.W.2d 400, 405 (Tex.Civ. App.—San Antonio 1972, writ ref'd n.r.e.). The record does not reflect that appellant was not afforded adequate notice or a fair hearing. Appellant's allegations of the court's action constituting a taking of property without due compensation has previously been held to have no merit. *See Hopkins v. Hopkins,* 540 S.W.2d 783, 787 (Tex.Civ.App.—Corpus Christi 1976, no writ). Appellant's point of error two is overruled.

[1]. TEX.FAM.CODE ANN. sec. 3.63(a) reads as follows:

In a Decree of Divorce or Annulment, the Court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regards for the rights of each party and any children of the marriage.

In his third and fourth points of error, appellant contends that the trial court erred and abused its discretion by refusing to submit a special issue on certain reimbursements to appellant's separate estate for funds expended by his separate estate on behalf of the community estate.

The evidence presented at trial indicated that appellant did in fact receive some money from his mother's estate back in 1981. Moreover, the record reflects that the attorneys for the respective parties stipulated that appellant received $30,800.31 in the sale of his mother's property, that appellant received $6,000.00 for the sale of his antique automobile and that the combined amount was appellant's separate property. Further, the parties stipulated that appellant was entitled to $3,000.00 as reimbursement for contributions made to the community estate by his separate estate. However, there is also uncontroverted evidence indicating that all of the separate funds received by appellant from his inheritance and the sale of his separate personal property, with the exception of $3,000.00, went to pay family living expenses such as food, utilities and credit card bills. These expenses had accrued because appellant had been unemployed for some length of time. In other words, appellant was compelled to use his separate property funds for the community living expense because of the unavailability of other community assets. It is well established in Texas that if no community funds are available then the parties are obligated to use their separate funds to support their family with no future right of reimbursement for the expended funds. *Norris v. Vaughan,* 152 Tex. 491, 260 S.W.2d 676, 683 (1953); *see also Trevino v. Trevino,* 555 S.W.2d 792, 802 (Tex.Civ.App.—Corpus Christi 1977, no writ). Therefore, the trial court correctly refused to submit an issue regarding any reimbursement other than the undisputed and stipulated sum of $3,000.00. Appellant's points of error three and four are overruled.

Appellant asserts in his fifth point of error that the trial court erred in awarding temporary support pending appeal, without the support of pleadings or proof. We find appellant's assertion unfounded in that temporary support during the pendency of an appeal was specifically plead in paragraph IX of appellee's "First Amended Original Petition For Dissolution Of Marriage." The evidence to support such an award was heard by the trial court during the first proceedings of this cause on April 21, 1986, as evident by the additional temporary orders which are contained in the record. Appellant's fifth point of error is overruled.

Appellant's sixth and seventh points of error challenge the trial court's award of eighty percent (80%) of the property to appellee and twenty percent (20%) of the property to appellant as being an abuse of discretion. Although appellant argues that the division by the court wrongfully favors appellee, it must be remembered that the trial court has very broad discretion in dividing community property. *See Cockerham v. Cockerham,* 527 S.W.2d 162, 173 (Tex.1975); *Peery v. Peery,* 709 S.W.2d 392, 394 (Tex.App.—Fort Worth 1986, no writ). There are many factors to be considered in dividing the estate of the parties. They include the relative earning capacities and business experience of the spouses, the educational background of the parties, the fault in breaking the marriage, the benefits the innocent spouse would have received had the marriage continued and the probable need for future support by either of the parties. *Murff v. Murff,* 615 S.W.2d 696, 698–99 (Tex.1981).

In the case at bar, appellee plead and proved fault on the part of appellant for the dissolution of their marriage, i.e., an adulterous relationship. Appellee is forty-eight years old and has no college education. She has been solely a housewife during the last fifteen years of her thirty year marriage. The record indicates that appellee is presently employed as a maid, earning between $100.00–$125.00 a week. We also note that while there is no evidence of the exact size of appellee's separate estate it appears to be insignificant.

In contrast, appellant is fifty-five years old, has a college education and has been

employed as a computer programmer for various companies over the past ten to fifteen years. Appellant's job experiences include employment with Sikorsky Aircraft, Rockwell International, Boeing Military Aircraft Corporation and General Dynamics. At the time this divorce was filed, appellee was employed at LTV, Inc., earning $27.00 an hour and $40.50 an hour for overtime work.

Each case must be examined on its own merits to determine whether an unequal distribution was justified. *Erger v. Erger,* 590 S.W.2d 186 (Tex.Civ.App.—Fort Worth 1979, writ dism'd). Under the evidence in the instant case, we hold there was a reasonable basis for the trial court to accept the jury's advisory finding as to the eighty percent-twenty percent division, and that the trial court did not abuse its discretion in this division.

■■■ Appellant also asserts that certain statements made by appellee's counsel implied that the division of property should be made in such a manner as to punish appellant for his actions. We do not view the various statements by appellee's counsel as asking for punishment. Although it is improper to make a division of community property to punish the errant spouse, *Young v. Young,* 609 S.W.2d 758 (Tex. 1980), it is proper to consider a spouse's fault in breaking up the marriage when determining an equitable division of community property. *Murff,* 615 S.W.2d at 698. Furthermore, several of the complained statements were made to explain and calculate attorneys' fees not to advocate punishment. The trial court may take into consideration payment of attorneys' fees in making an equitable division of the estate. *Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002, 1005 (1950). Appellant's sixth and seventh points of error are overruled.

The judgment is affirmed.