Joseph H. GOLIAS, Appellant,

v.

Allison N. GOLIAS, Appellee.

No. 09–92–168 CV.

Court of Appeals of Texas,
Beaumont.

July 22, 1993.

As Corrected Sept. 23, 1993.

Bruce Smith, Larry Thorne, Beaumont, for appellant.

Wayne Reaud, Reaud, Morgan & Quinn, Beaumont, John F. Nichols, Piro, Nichols, Lilly, Houston, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

Joe Golias filed suit seeking dissolution of his marriage, joint conservatorship of the two children with himself as the primary custodian, division of the community estate and attorney's fees. Allison Golias filed a cross-action seeking a divorce, sole managing con-

servatorship of the children, child support, division of the community estate and attorney's fees. Subsequently the Golias' entered into agreed temporary orders naming them temporary joint managing conservators with Mrs. Golias having the primary custody of the children, Mr. Golias having visitation and paying child support of $2,200 per month.

Several months later Allison Golias amended her suit alleging cruelty and adultery as grounds for the divorce, seeking a disproportionate share of the community estate and alleging intentional and unintentional torts against Joe Golias, his parents, Tipton and Helen Ann Golias and Helena Laboratories, the Golias' family business. The actions against the elder Golias and Helena Laboratories were later severed from the divorce action. A jury trial began which Joe Golias' attorney characterized as primarily a custody dispute. During the third day of trial the parties announced an agreement on the conservatorship issue: joint managing conservatorship with Allison Golias as primary and Joe Golias having visitation. The parties waived the jury and submitted the remaining issues to the court. The court divided the property, ordered $2,200 per month in child support and awarded Mrs. Golias $188,000 in attorneys fees, with credits of $35,000 and $15,000 if no appeals are brought to the Court of Appeals and the Supreme Court of Texas.

■ Joe Golias brings forth four points of error. The first point alleges no evidence or insufficient evidence to support the trial court's finding of fact and, by application, its conclusion of law that "most of the attorney's fees, costs and expenses incurred in this cause were 'on the Title 2 aspects of this case' ". Mr. Golias argues a substantial portion of the case was devoted to the issue of property division. He sets out thirty five instances, covering forty eight pages in the statement of facts, which he says concern only the property division.[1]

The trial court's finding of fact states:

2. *Attorney's Fees*

(1) The undisputed evidence without cross-examination on same or rebuttal evidence of same is that most of the fees, costs and expenses incurred in this cause were on the Title 2 aspects of this case.

Mrs. Golias' lead counsel, John Nichols, testified the attorney's fees, expenses and costs through trial were $184,000 plus $50,000 in time and expenses had been donated to Mrs. Golias by local counsel, Wayne Reaud. Mr. Nichols testified that of the $184,000 figure, $5,000–$7,500 had been incurred on the severed litigation. Thus, the trial court's award of $138,000 is no more than 78 percent of the amount incurred in the divorce action. ($184,000 minus $7,500 or $176,500). The entire statement of facts is 419 pages.[2] Those instances mentioned by Mr. Golias comprise only 11.5 percent of the statement of facts. Thus the remaining Title 2 issues comprised 88.5 percent of the statement of facts. The trial court's finding that most of the attorneys fees were incurred on the Title 2 aspects is supported from strictly a statistical analysis of the statement of facts.

■ Mr. Golias did not seek any clarification of the trial court's use of the word "most" by requesting additional or amended findings of fact and conclusions of law. TEX. R.CIV.P. 298. "Most" has no unique legal meaning, therefore we must use its common meaning. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1474 (1981) (Unabridged) defines "most" as "the greatest number of; the majority of." Thus, "most" can be 50.1 percent. However, this definition may be too restrictive for common use. Regardless, "most" is somewhere between 50.1 percent and 99.9 percent. Ever mindful of the appropriate appellate analysis of "no evidence" and "insufficient evidence" we find there is ample evidence to support the trial court's finding. When findings of fact are filed along with a statement of facts, the findings will be sustained when there is any evidence to support them. *Baccus v. Baccus*, 808 S.W.2d 694, 698 (Tex.App.—Beaumont 1991,

---

1. That some of these pertain solely to property division is certainly subject to debate. However, for statistical purposes, we will use Mr. Golias' calculation.

2. Admittedly this includes various title pages, indices, certifications, etc.

no writ). Point of error number one is overruled.

■ Point of error number three complains the trial court abused its discretion in its division of the community estate when it denied Joe Golias' reimbursement claim for $50,000 of his separate funds with which he paid off the mortgage of the community homestead. Reimbursement is an equitable right, not an absolute right, and the trial court's discretion in evaluating a claim for reimbursement is as broad as that discretion exercised by making a "just and right" division of the community property. *Penick v. Penick,* 783 S.W.2d 194, 198 (Tex.1988). The trial judge, in his findings of fact, enumerated ten factors [3] used in awarding a disproportionate division of the community property to Allison Golias and denying Joe Golias' equitable reimbursement claim. These findings, when supported by competent evidence, should not be disturbed on appeal unless they appear to be against the great weight and preponderance of the evidence so as to be clearly wrong and unjust. *Baccus,* 808 S.W.2d at 698. We find no abuse of discretion. This point of error is overruled.

■ The second point of error states: "The trial court abused its discretion in its division of the parties' marital estate inasmuch as the ultimate division resulted in the wife's receiving over 100% of the marital estate." This point is related to and premised upon, the first point. Mr. Golias argues that the court awarded Mrs. Golias 81 percent of the marital estate as set out in the parties' inventories, which includes the $50,000 reimbursement claim discussed in point of error three. Mr. Golias further argues that the court awarded Mrs. Golias 150 percent of the marital estate when the attorney's fees are calculated within the award. We have previously ruled upon both the attorneys' fees and the reimbursement claim. The trial court stated he was going to award 70 percent–75 percent of the community estate to Mrs. Golias. It appears the award is closer to 79 percent, however, we decline to equate any particular percentage figure to

abuse of discretion; each case must be reviewed on its own merits. Several of our sister courts have upheld similar property awards, e.g., *Oliver v. Oliver,* 741 S.W.2d 225, 228–229 (Tex.App.—Fort Worth 1987, no writ) (80%); *Rafidi v. Rafidi,* 718 S.W.2d 43, 45–46 (Tex.App.—Dallas 1986, no writ) (85%–90%); *Jones v. Jones,* 699 S.W.2d 583, 586 (Tex.App.—Texarkana 1985, no writ) (86%); *Huls v. Huls,* 616 S.W.2d 312, 317 (Tex.Civ. App.—Houston [1st Dist.] 1981, no writ) (85%); *Campbell v. Campbell,* 625 S.W.2d 41, 43 (Tex.Civ.App.—Fort Worth 1981, writ dism'd) (96%); *Morrison v. Morrison,* 713 S.W.2d 377, 380 (Tex.Civ.App.—Dallas, 1986, writ dism'd) (83%). While the exactness of percentages is not determinative of an appeal, *Jones,* 699 S.W.2d at 586, the percentages are certainly within the court's discretion. We find no abuse of discretion. This point of error is overruled.

■ The final point of error claims "the trial court abused its discretion when it ordered Joe Golias to pay the sum of $2,200 in child support each month inasmuch as the court did not correctly apply the guidelines set out in the Texas Family Code". The guidelines applicable to Mr. Golias are set out in section 14.055(b) and (c) of the Texas Family Code.[4]

The trial court's findings of fact regarding the child support are:

1. the amount of net cash resources available to JOSEPH HILTON GOLIAS per month is $6,428.45, received from Helena Laboratories as salary and bonus;

2. the amount of net cash resources available to JOSEPH HILTON GOLIAS as expense reimbursement from Helena Laboratories averages $2,743.01 per month;

3. the total net cash resources available to JOSEPH HILTON GOLIAS on a monthly basis is $9,171.46;

4. JOSEPH HILTON GOLIAS has additional non-cash benefits from Helena Laboratories which include the free use of an Acura Legend motor vehicle, free car insurance on that vehicle, the free use of the Helena Labo-

---

**3.** Factor number one incorporated the twelve findings on child support.

**4.** Tex.Fam.Code Ann. § 14.055(b)(c) (Vernon Supp. 1993).

ratory accounts at Jason's Deli, Don's Seafood, Carlo's Restaurant and Jack's Pak–It Grocery store;

5. other factors which increase the ability of the obligor to make child support payments include the rent-free use of a $600,000.00 home and the rent-free use of furniture and furnishings for that home;

6. the needs of the children, exclusive of transportation exceed $3,700.00 per month;

7. the amount of child support payments per month that is computed if § 14.055 of the Texas Family Code is applied to net cash resources only is $2,292.87;

8. on June 5, 1991, JOSEPH HILTON GOLIAS agreed to pay temporary child support of $2,200.00 per month, and in fact, paid $2,200.00 per month from June 15, 1991 through the final trial on the merits;

9. JOSEPH HILTON GOLIAS never requested the Court to reduce the $2,200.00 per month child support obligation during the pendency of this suit;

10. there was no evidence that JOSEPH HILTON GOLIAS had failed to make the $2,200.00 per month child support payments, nor that he is currently unable to make those payments;

11. the percentage applied to Respondent's net resources for child support by actual order rendered by the Court is 25 percent;

12. the amount of support per month ordered by the Court does not vary from the amount computed by applying the percentage guidelines pursuant to § 14.055 of the Texas Family Code.

Mr. Golias argues the trial court abused its discretion:

1. by erroneously including business expenses in the net resources of Joe Golias;

2. by erroneously concluding that Joe Golias had the rent-free use of a $600,000 home;

3. by failing to consider the net resources of Allison Golias;

4. by failing to consider the earning potential and the voluntary unemployment of Allison Golias; and

5. by incorrectly finding that the needs of the children, exclusive of transportation, exceed $3,700.00 per month.

Before addressing each of Mr. Golias' arguments, we note the recent case of *Rodriguez v. Rodriguez,* 860 S.W.2d 414 (1993), which involves construction of the sections of the Texas Family Code governing child support when the obligor's net monthly resources exceed $4,000. Using *Rodriguez* as guidance, the first $1000 awarded under section 14.055(b) was just a presumptive award. The trial court could then look to the needs of the children to determine any additional amounts. We presume that the trial court followed the guidelines and awarded $1,000 out of the first $4,000 of net resources. Therefore, under *Rodriguez,* we are only concerned with the remaining $1,200 per month. This additional $1,200 must be based solely on the needs of the children.

Now to Mr. Golias' arguments. As to failing to consider the net resources or earning potential of Allison Golias, the court's findings are silent. Mr. Golias asserts no error for the trial court's failure to comply with TEX.FAM.CODE ANN. § 14.057 (Vernon Supp. 1993), nor did he request additional or amended findings of fact and conclusions of law. TEX.R.CIV.P. 298. Thus these two arguments lack merit. The real crux of the other three arguments is their relevance to the child support award. Under *Rodriguez,* we must sustain the child support award if there is evidence that (1) Mr. Golias' net resources exceed $4,000 per month and (2) the needs of the children exceed $1,200 per month. Mr. Golias does not challenge the trial court's finding as to his net cash resources of $6,428.45 per month. The first inquiry is met; thus his arguments about the inclusion of business expenses and the use of a rent-free home and furnishings are beside the point. In arguing the trial court incorrectly found that the children's needs exceed $3,700 per month Mr. Golias points to four specific items:[5] (1) $120 for a car phone, (2)

---

5. Whether testified to as yearly or monthly amounts, we shall express them on a per month basis.

$300 for clothing, (3) $172 for country club membership and (4) $700 for vacations. These items total $1,292. Assuming Mr. Golias is totally correct, that still leaves $2,408 of need. Consequently the $2,200 child support award is $208 less than the need and $1,208 less than allowable under *Rodriguez*.[6] Therefore, we find no error. The judgment of the court below is affirmed.

AFFIRMED.

---

6. In *Rodriguez,* the court affirmed a child support award of $2,500 against needs of $1,742.17.