NUMBER 13-04-108-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

ALFREDO SUAREZ,                                                  Appellant,

 

                                           v.

 

MELISSA
SUAREZ,                                                    Appellee.

 

 

 

                  On appeal from the 103rd
District Court

                          of Cameron
County, Texas.

 

 

 

 CONCURRING AND DISSENTING MEMORANDUM OPINION

 

        Before Chief Justice Valdez and Justices Rodriguez
and Castillo

     Concurring and Dissenting Memorandum Opinion by Justice Castillo

 








In this post-answer
default divorce case,[1]
appellant Alfredo Suarez asserts that the trial court erred (1) in denying his
motion for new trial and, (2) on sufficiency grounds, ordering a
disproportionate division of the community estate.  Sustaining the second issue, the majority
finds the evidence insufficient to support the division of the community
estate.  I concur with the majority's
result in overruling Mr. Suarez's first issue. 
Because I conclude that the evidence is sufficient to sustain the
division of the marital estate and, thus, no abuse of discretion, I
respectfully dissent as to the second issue. 


I.  The Record








At the prove-up
hearing, Mrs. Suarez testified as to Mr. Suarez's earned and  rental income from his separate
property.  She attested that, because of
his history of changing jobs, Mr. Suarez inconsistently provided financial
support.  On Mrs. Suarez's proffer, the
trial court admitted six exhibits in evidence. 
Exhibit 1 was her inventory and appraisement.  We note that Mr. Smith did not request the
trial court to order an inventory and appraisement of separate and community
property. See Tex. Fam. Code Ann.
_6.502(a)(1) (Vernon Supp. 2005). She
testified as to her inventory and appraisement and as to the nature and value
of the separate and community property.[2]  The trial court also admitted in evidence
Mrs. Suarez's Exhibit 2, her proposed division of the marital estate.  Mrs. Suarez requested that the trial court
divide the community estate consistent with that document.  The proposal calculated the division of the
community estate as 52.70% to her and 47.30% to Mr. Suarez.  The trial court divided the estate and
awarded the property consistent with the request.  

II.  The Standards 

A.  Abuse of Discretion 








The trial court has
broad discretion in dividing the marital estate, and we presume that the trial
court exercised its discretion properly. 
Murff v. Murff, 615 S.W.2d 696, 698‑99 (Tex. 1981); see
Garcia v. Garcia, 170 S.W.3d 644, 649 (Tex. App.BEl Paso 2005, no
pet.); Handley v. Handley, 122 S.W.3d 904, 907 (Tex. App.B Corpus Christi 2003,
no pet.).  A trial court has wide
discretion in making a just and right division. 
Murff, 615 S.W.2d at 698-99. 
A trial court abuses its discretion when it divides property on values
that were not in evidence.  Id.  Further, a trial court's division of
property that is manifestly unjust is an abuse of discretion.  Id. 
While the appellant may challenge the sufficiency of the evidence to
support the court's valuation of a particular asset or division, he must also
contend that the erroneous valuation caused the court to abuse its discretion
in the overall division of the community estate.  See Garcia, 170 S.W.3d at 648.  In reviewing the equitable remedy fashioned
by the trial court in achieving a just and right division, we must determine
not only whether the trial court's findings are supported by the evidence, but
we must also determine whether error, if established, caused the trial court to
abuse its discretion.  Id. at
649.  Once it has been determined that
the abuse of discretion standard applies, an appellate court should engage in a
two‑pronged inquiry: (1) whether the trial court had sufficient
information upon which to exercise its discretion; and (2) whether the trial
court erred in its application of discretion. 
See id.  The traditional
sufficiency review comes into play with regard to the first question;  however, our inquiry cannot stop there.  Id. 
We must then determine whether, based on the elicited evidence, the
trial court made a reasonable decision.  See
id.  We will not reverse a division
of property unless it is manifestly unfair. 
See Mann v. Mann, 607 S.W.2d 243, 245 (Tex. 1980).  Even in a default decree, the trial court has
discretion to make an unequal division.  Vannerson
v. Vannerson, 857 S.W.2d 659 passim (Tex. App.BHouston [1st Dist.]
1993, writ denied).   

B.  Sufficiency of the Evidence








I would hold that Mr.
Suarez did not preserve error as to his sufficiency challenges.  I am mindful that, in a non-jury case, a
complaint regarding the legal or factual insufficiency of the evidence may be
made for the first time on appeal in the complaining party's brief.  Tex.
R. App. P. 33.1(d).  However, the
preservation rule contemplates that in a civil case, whether jury or non-jury,
preservation of error is implicated when a motion for new trial was filed and
evidence was necessary to properly present the complaint in the trial court.[3]  Tex.
R. App. P. 33.1(b), 21.2.  Mr.
Suarez filed a motion for new trial asserting as grounds the reasons for
non-appearance at the final hearing.  He
did not present to the trial court a complaint as to the insufficiency of the
evidence to sustain the disproportionate division of the community estate.  Further, he presented no evidence to the
trial court as to the specific complaint regarding valuation of the property,
as more fully discussed below.  Taking
evidence of valuation was necessary to properly present his complaint to the
trial court.  See id.  Because he did not adduce facts not in the
record, he did not preserve error.  Tex. R. App. P. 33.1(b), 21.2.  However, because the majority reverses on the
sufficiency issue, I tender my separate analysis.

In a non‑jury
trial where no findings of fact or conclusions of law are filed, we presume
that the trial court made all the findings necessary to support its
judgment.  Holt Atherton Industries,
Inc. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992).  When a reporter's record is part of the
appellate record, these implied findings may be challenged by legal or factual
insufficiency points.  Id. at 84.  The applicable standard of review is the same
as that applied in the review of jury findings or a trial court's findings of
fact.  Id. 

1.  Legal Sufficiency








In challenging the
legal sufficiency of the evidence to support a finding on which an adverse
party bore the burden of proof, the appellant must show the record presents no
evidence to support the adverse finding. 
Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983).  We sustain a legal sufficiency challenge when
(1) the record conclusively establishes the complete absence of evidence of a
vital fact, (2) the court is barred by rules of law or of evidence from giving
weight to the only evidence offered to prove a vital fact, (3) the evidence
offered to prove a vital fact is no more than a mere scintilla, or (4) the
evidence conclusively establishes the opposite of a vital fact.  Marathon Corp. v. Pitzner, 106 S.W.3d
724, 727 (Tex. 2003) (per curiam); Merrell Dow Pharms., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997); Hines v. Comm'n for Lawyer Discipline,
28 S.W.3d 697, 701 (Tex. App.BCorpus Christi 2000,
no pet.).  If there is more than a
scintilla of evidence to support the finding, the legal sufficiency challenge
fails.  Formosa Plastics Corp. USA v.
Presidio Eng'rs & Contractors, Inc., 960 S.W.2d 41, 48 (Tex.
1998).  In performing a legal sufficiency
review, we consider only the probative evidence and inferences that support the
challenged finding, disregarding all evidence and inferences to the
contrary.  Lenz v. Lenz, 79 S.W.3d
10, 19 (Tex. 2002); see City of Keller v. Wilson, 168 S.W.3d 802,
827 (Tex. 2005) ("The final test for legal sufficiency must always be
whether the evidence at trial would enable a reasonable and fair‑minded
person to reach the verdict under review.").  

2.  Factual Sufficiency








Unlike legal
sufficiency challenges, factual sufficiency issues concede that the record
presents conflicting evidence on an issue. 
Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co., 766 S.W.2d
264, 275 (Tex. App.BAmarillo 1988, writ
denied).  Like legal sufficiency
challenges, the standard of review on factual sufficiency issues depends on the
burden of proof at trial.  Id. at 275.  The party attacking a finding on which an
adverse party bore the burden of proof must show that there is
"insufficient evidence" in the record to support the finding.  Gooch v. Am. Sling Co., 902 S.W.2d
181, 184 (Tex. App.BFort Worth 1995, no
writ).  In reviewing an insufficient‑evidence
issue, we examine and consider all of the evidence, not just the evidence that
supports the verdict, to see whether it supports or undermines the
finding.  Maritime Overseas Corp.
v. Ellis, 971 S.W.2d 402, 406-07 (Tex. 1998).  We set aside the finding for factual
insufficiency if the "evidence adduced to support the vital fact, even if
it is the only evidence adduced on an issue, is factually too weak alone to
support it."  See Ritchey v.
Crawford, 734 S.W.2d 85, 86‑87 n.1 (Tex. App.BHouston [1st Dist.]
1987, no writ). 

C.  The Murff Factors








The Texas Family Code
requires the trial court in a divorce decree to divide "the estate of the
parties in a manner that the court deems just and right, having due regard for
the rights of each party and any children of the marriage."  Tex.
Fam. Code Ann. '7.001 (Vernon
1998).  The trial court may consider various
factors in making a just and right division including (1) spouses' capacities
and abilities, (2) benefits which the party not at fault would have derived
from the continuation of the marriage, (3) business opportunities, (4) relative
physical conditions, (5) relative financial conditions and obligations, (6)
disparity of ages, (7) size of separate estates, (8) the nature of the
property, and (9) disparity of earning capacity.  Handley, 122 S.W.3d at 907‑08;
see Murff, 615 S.W.2d at 698‑99; Garcia, 170 S.W.3d at
653.  The value of community assets is
generally determined at the date of divorce.  Handley, 122 S.W.3d at 908.

III.  Discussion

In general, Mr. Suarez
maintains that there is no evidence of value of the community estate and, thus,
there is no evidence to support the community judgment. In particular, Mr.
Suarez asserts that there is no or, alternatively, insufficient evidence to
prove the value of the certificates of deposit at the time of the divorce
because its valuation on Exhibit 1 was not based on the 2003 balance but,
rather, a 1998 balance.  Exhibit 1 shows
one certificate of deposit with a "current balance (as of August 21,
1998)."  The proposed distribution
of the marital estate in Exhibit 2 reflects the request for award of the certificate
of deposit in question to Mr. Suarez. 
The district court entered a final decree reflecting the division of the
marital estate consistent with Exhibit 2, Mrs. Suarez's proposed division. 

Mr. Suarez concedes
that, although the trial court is not required to divide the community estate
equally, its division must be equitable. 
He also concedes that although courts are vested with wide discretionary
powers in suits for divorce, the division of property must be just and right. 













Mrs. Suarez's
inventory and appraisement contained in her Exhibit 1 itemized the community
and separate property and assigned to each a fair market value where
applicable.  The document was admitted in
evidence without objection.  Unobjected
to evidence has probative value as substantive evidence and is probative.  See
Tex. R. Evid. 802 ("Inadmissible hearsay admitted without objection
shall not be denied probative value merely because it is hearsay.");
see Freedom Newspapers v. Cantu, 168 S.W.3d 847, 858 n. 37 (Tex. 2005); In
re Estate of Steed, 152 S.W.3d 797, 808 (Tex. App.BTexarkana 2004 pet.
denied); Transmission Co. v. Hollins, 682 S.W.2d 682 (Tex. App.B Houston [1st Dist.]
1984, no writ).  Because the evidence in
Exhibit 1 was admitted without objection, the evidence cannot be said to have
no probative value.  See Tex. R. Evid. 802.  Consequently, the document was properly
before the trial court for purposes of the division of the marital estate,
including the challenged certificate of deposit.  More importantly, because Mr. Suarez did not
avail himself of the opportunity to provide values on any of the property to the
trial court, he cannot now complain of the trial court's lack of complete
information in dividing that property.  See
LeBlanc v. LeBlanc, 761 S.W.2d 450, 453 (Tex. App.BCorpus Christi 1988),
aff'd, 778 S.W.2d 865 (Tex. 1989); see also Texaco, Inc. v. Central Power
& Light Co., 955 S.W.2d 373, 375 (Tex. App.BSan Antonio 1997, writ
denied) (holding that error could not have been preserved if the appellant did
not participate at trial).  Thus, I
conclude that the evidence adduced through the inventory and appraisement
amounts to more than a scintilla of evidence upon which the trial court could
base its equitable division of the estate. 
Thus, the evidence was legally sufficient.  See Formosa Plastics, 960 S.W.2d at
48.  There was no contrary evidence.  I cannot conclude that the evidence is too
weak alone to support the division.  See
Ritchey, 734 S.W.2d at 86‑87 n.1. 
Thus, the evidence was factually sufficient.  Consequently, the trial court did not abuse
its discretion in considering Mrs. Suarez's inventory and appraisement in
dividing the estate. 








I turn to the question
of the disproportionate division of the estate. 
The trial court heard evidence relating to Mr. Suarez's non-support of
the family due to job changes and income. 
Mrs. Suarez also briefly testified as to family violence.  The inventory and appraisement provided the
size of the parties' separate and community estates.  While the trial court awarded Mrs. Suarez the
encumbered homestead, among others, it also awarded Mr. Suarez another
unencumbered residence.  A trial court
may also consider fault in dividing the marital estate, but is not required to
do so.  Young v. Young, 609 S.W.2d
758, 762 (Tex. 1980).  The trial court
could have reasonably assigned fault or disproportionately divided the estate
based on evidence of family non-support or violence or both.  Thus, there was sufficient evidence from
which the trial court could conclude that a disproportionate division was just
and right.  Murff, 615 S.W.2d at
698‑99; Handley, 122 S.W.3d at 907‑08; Garcia, 170
S.W.3d at 653.  Under the circumstances,
I conclude that the court did not abuse its discretion by awarding Mrs. Suarez
a disproportionate share of the community estate because of fault.  Further, the percentages are within the
court's discretion.  Golias v. Golias,
861 S.W.2d 401, 403 (Tex. App.BBeaumont 1993, no
writ).[4]  It is presumed that the trial court exercised
its discretion properly.  Murff,
615 S.W.2d at 699.  The division is not
manifestly unfair.  See Mann, 607
S.W.2d at 245.  I find no abuse of
discretion in the disproportionate division. 
Finally,  Mr. Suarez has not shown
harm.  Tex.
R. App. P. 44.1(a).  

IV.  Conclusion

I join the majority in
overruling the first issue presented. 
However, finding the evidence sufficient, I conclude the trial court did
not abuse its discretion in the division of the community estate.  Consequently, I would overrule the second
issue and affirm the judgment of the trial court.                                                                            

ERRLINDA CASTILLO

Justice

 

 

 

Concurring and Dissenting Memorandum Opinion 

delivered and filed this the 4th day of May,
2006.

 











[1]Appellant filed the original
divorce petition and a motion for continuance on the date before the final
hearing.  Noting that the final contested
hearing had previously been set with notice to the parties and counsel and that
the motion was untimely filed, the trial court denied the motion.





[2] Property possessed by either
spouse during or on dissolution of marriage is presumed to be community
property.  Tex. Fam. Code Ann. _3.003(a) (Vernon 1998).  The degree of proof necessary to establish
that property is separate property is clear and convincing evidence.  Id. at '3.003(b).





[3]I observe that in jury cases, a
motion for new trial is one of five ways to preserve error for no evidence
challenges.  Cecil v. Smith, 804
S.W.2d 509, 510‑11 (Tex.1991).  To
preserve error, the motion must be sufficient to call the trial court's
attention to the matter at issue. Tex.
R. App. P. 33.1(a); Wal‑Mart Stores, Inc. v. McKenzie, 997
S.W.2d 278, 280 (Tex. 1999) (per curiam). 
Additionally, the issue on appeal must correspond to the motion made at
trial.  See In the Matter of T.R.S.,
931 S.W.2d 756, 758 (Tex. App.BWaco 1996, no writ). 
In other words, a motion which states one legal theory cannot be used to
support a different legal theory on appeal. 
Id.  

 





[4] In Golias v. Golias, 861
S.W.2d 401, 403 (Tex. App.BBeaumont 1993, no writ), the court of appeals held that the
trial court did not abuse its discretion in awarding 79 percent of the
community estate to the wife.  Id.  The Golias court cited several other
cases upholding similar property awards. See Oliver v. Oliver, 741
S.W.2d 225, 228‑229 (Tex. App.BFort Worth 1987, no writ) (80 percent); Rafidi v. Rafidi,
718 S.W.2d 43, 45‑46 (Tex. App.BDallas 1986, no writ)(85 percent ‑ 90 percent); Morrison
v. Morrison, 713 S.W.2d 377, 380 (Tex. App.BDallas 1986, writ dism'd) (83
percent);  Jones v. Jones, 699 S.W.2d
583, 586 (Tex. App.BTexarkana 1985, no writ) (86
percent); Campbell v. Campbell, 625 S.W.2d 41, 43 (Tex. App.BFort Worth 1981, writ dism'd) (96
percent); Huls v. Huls, 616 S.W.2d 312, 317 (Tex. App.BHouston [1st Dist.] 1981, no writ)
(85 percent).