**Naim R. RAFIDI, Appellant,**

v.

**Karima N. RAFIDI, Appellee.**

**No. 05–85–01123–CV.**

Court of Appeals of Texas, Dallas.

Aug. 5, 1986.

Reba Graham Rasor, Dallas, for appellant.

William F. Billings, Randall M. Willis, Dallas, for appellee.

Before AKIN, HOWELL and HOLLINGSWORTH, JJ.

HOWELL, Justice.

This is a divorce case. Appellant Naim R. Rafidi appeals from the court's division of community property and award of child support. We find no reversible error and affirm the trial court's judgment.

In twenty-three points of error, Husband, Naim R. Rafidi, argues that the trial court's division of the community property constitutes an abuse of discretion. He asserts that the divorce decree awards some 85–90% of the community assets to Wife, Karima N. Rafidi, and that such a disproportionate division is unjustified.

The Family Code directs the trial court to divide the community estate in a just and right manner, giving due regard for the rights of each party and any children of the marriage. TEX.FAM.CODE ANN. § 3.63 (Vernon Supp. 1986). The trial court has broad discretion in dividing the property, and its judgment will be upheld absent a demonstration of abuse of discretion. *Reid v. Reid,* 658 S.W.2d 863, 865 (Tex.App.—Corpus Christi 1983, no writ). The court may consider many factors, including differences in earning capacity and business opportunities and probable future support. *Smith v. Smith,* 620 S.W.2d 619, 623 (Tex.Civ.App.—Dallas

1981, no writ); *Frausto v. Frausto,* 611 S.W.2d 656, 659 (Tex.Civ.App.—San Antonio 1980, writ dism'd). The division need not be equal so long as there is a reasonable basis for an unequal division. *Woods v. Woods,* 619 S.W.2d 590, 592 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ); *Campbell v. Campbell,* 554 S.W.2d 10, 11 (Tex.Civ.App.—Fort Worth 1977, no writ).

■ The evidence shows that Husband is a petroleum engineer with three college degrees. At the time of trial he was fifty-seven years old. There was no evidence of health problems. Wife, on the other hand, has only a high school education. She has had difficulty obtaining employment and is handicapped by a finger injury. The Rafidis' teen-aged daughter lives with Wife along with three adult children. The evidence permits the inference that Husband's earning capability exceeds Wife's. An unequal division of the community estate is justified.

The trial court's division of the marital estate included certain property, the existence of which Husband disputes. The property consists of funds withdrawn from a $100,000 money market account, three commercial notes, and various securities. The trial court made the following findings with regard to this property:

7. While working overseas for various oil companies during the period 1970 to 1979, Respondent [Husband] supported his family on the living allowance paid to him in addition to his salary and was able to save substantially all of his salary. A small portion of the period 1970 to 1979 was spent in the U.S. where he was not paid a living allowance. The accumulated savings for this period were substantial and are largely unaccounted for.

8. Petitioner [Wife] is a high school graduate who has been a housewife during the marriage. She is handicapped by the loss of a finger, has no specialized training or job skills, and has been unable to find employment despite good faith efforts to do so. Her earning ability is quite limited.

9. Respondent has kept meticulous financial records on a current basis and is in possession or control of such records. He has, however, failed to produce any such records.

10. Respondent has failed to account for the disposition and whereabouts of substantial funds and securities known to have been in his possession and subject to his control. The funds and securities unaccounted for are in addition to those awarded in the Decree of Divorce and are substantial in amount.

11. Respondent has failed to provide any documents or other substantiation which explain the origin or disposition of the substantial funds and securities which are unaccounted for.

12. Respondent has failed to provide material financial information or usual and customary documentation of his financial dealings. His explanation of various financial transactions lacks credibility.

13. Respondent has assets in an unknown but substantial amount that have not been disclosed to the Court and are unaccounted for.

It is evident that the trial court concluded that Husband was fraudulently concealing community assets. A similar case is *Arrington v. Arrington,* 613 S.W.2d 565 (Tex.Civ.App.—Fort Worth 1981, no writ). The husband in *Arrington* withdrew a sum of money from a brokerage account during the pendency of his divorce suit in violation of a restraining order. The court of civil appeals ruled that "his concealing or disposing of the funds under such circumstances would sustain sufficiently the order of the trial court allowing him the ... cash withdrawal as part of his share." *Id.* at 569.

■ In the case before us, the trial court's findings fully justified the property division. The court was free to include the concealed property in the pool of community assets. Once such assets are included, it is evident that the trial court's division was based on the exercise of sound discretion.

Husband argues that the evidence underlying the fraudulent concealment findings is factually and legally insufficient. He testified that the funds in the account represented money given to him by persons overseas to invest in the United States. Husband testified that he had returned the money to the investors. He also stated that some of the money had been used to repay loans that he had obtained from to his father and brother. Husband presented no records to substantiate these claims.

The testimony of Wife and the Rafidis' adult daughter contradicted that of Husband. They testified that Husband was a meticulous record keeper even where small sums were involved. Husband took the financial records with him when he left the house upon the couple's separation. Wife stated that the couple had lived in several foreign countries. Husband's employer paid a living allowance to them while they were overseas which enabled the Rafidis to save most of Husband's salary and accumulate the substantial sums present in the accounts. Wife also presented certain handwritten notes of Husband detailing the family's assets and liabilities. The notes tend to show that Husband was a careful record keeper and indicate that he had loaned money to his brother and was not in debt to him.

 The trial court's conclusion that the funds had been concealed is adequately supported by the evidence. Husband's version of the events lacks credibility. Despite his habit of keeping detailed financial records, he was utterly unable to document the purported transactions that he contends that he conducted with his kin. The little documentary evidence that does exist tends to contradict his claims. The testimony provides an alternative version for the origin of the funds—that they represented salary saved from overseas employment.

Merely because Wife did not provide direct evidence that the property in question still existed does not mean that the trial court's findings are not supported by sufficient evidence. Rather the record show that 1) community funds existed; 2) Husband withdrew the money during the pendency of the divorce; and 3) Husband's explanation of the origin, purpose, and disposition of the fund lacks credibility. We conclude that the trial court's findings are supported by legally and factually sufficient evidence. Points of error one through twenty-three are overruled.

In his twenty-fourth point of error Husband attacks a child support award of eight hundred dollars per month as being an abuse of discretion. As in property division, the amount of child support is largely a matter of the trial court's sound discretion. *Smallwood v. Smallwood*, 625 S.W.2d 75, 77 (Tex.Civ.App.—Fort Worth 1981, no writ). In determining the award, the court is to consider the needs and best interest of the child, the parties' previous living standards and financial capabilities, and the relative values of the non-monetary services to be provided. *Kremp v. Kremp*, 590 S.W.2d 229, 230 (Tex.Civ.App.—Fort Worth 1979, no writ).

The evidence shows that Husband earns about $39,000 annually. In addition, he possesses the property found by the trial court to have been fraudulently concealed. An examination of relevant factors reveals that the trial court did not abuse its discretion in the child support award. Point of error twenty-four is overruled.

The judgment of the trial court is affirmed.