NUMBER
13-01-175-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                        CORPUS CHRISTI-EDINBURG

 

MIRTA ZORILLA ,                                                               
 Appellant,

 

                                                   v.

 

NURUL
WAHID ,                                                                    Appellee.

 

                         On appeal from the
93rd  District Court   

                                  of Hidalgo County, Texas.

 

                                   O P I N I O N

 

         Before Chief Justice Valdez and
Justices Yañez and Rodriguez

                              Opinion
by Chief Justice Valdez

 








          Physicians
Mirta Zorilla and Nurul Wahid appeal a trial court judgment granting their
divorce and an order awarding temporary support to Zorilla.  Zorilla and Wahid do not seek to alter the
trial court=s judgment insofar as
it affects custody of the parties= two children.  We affirm the award of temporary support, and
we modify the judgment, and as modified, affirm.  

                                                              I.

                                               Mirta
Zorilla=s Appeal

Zorilla raises five issues on appeal. 
She contends (1) the trial court erred in dividing the children=s education fund as
community property because the fund was her separate property, (2) the trial
court abused its discretion in dividing the property of the parties; (3) the
trial court=s order dividing the
property was against the great weight and preponderance of the evidence, (4)
the trial court erred in entering a decree which ordered $1,500 per month as
child support because the amount awarded is incorrect, and (5) the trial court
erred in awarding attorney=s fees.

                                           Children=s Education Fund

In her first issue, Zorilla argues that the children=s education fund was
her separate property because it was acquired under the law of New York, where
the couple was married, and thus the trial court erred in dividing it as
community property.  The children=s education fund was
an investment account held in Zorilla=s own name worth
approximately $600,000. 








The Texas Family Code provides that community property consists of the
property, other than the separate property, acquired by either spouse during
marriage.  See Tex. Fam. Code Ann. ' 3.002 (Vernon 1998); Barnett
v. Barnett, 67 S.W.3d 107, 111 (Tex. 2001). 
Separate property includes the property owned or claimed by the spouse
before marriage.  Tex. Fam. Code Ann. ' 3.001 (Vernon 1998); Barnett,
67 S.W.3d at 111.  Whether property is
separate or community is determined by its character at inception.  Barnett, 67 S.W.3d at 111.  

There is a presumption under the family code that property held during
marriage is community property.  Tex. Fam. Code Ann. ' 3.003(a) (Vernon
1998).  Only community property is
subject to the trial court=s division of the
marital estate, and the trial court may not divest one party of his separate
property.  Cameron v. Cameron, 641
S.W.2d 210, 220 (Tex. 1982).

Under Texas Family Code section 7.002, the Aquasi-community
property statute,@ Texas courts apply a Ajust and right@ property division
regardless of the nature of the legal system of the previous domicile of the
parties.  Tex. Fam. Code Ann. ' 7.002 (Vernon 1998); see
Ismail v. Ismail, 702 S.W.2d 216, 219 (Tex. App.BHouston [1st Dist.]
1985, writ ref=d n.r.e.) (regarding
predecessor statute).  A just and right
division applies to property acquired while domiciled in another state that
would have been community property if the acquiring spouse was domiciled in
Texas at the time of acquisition.  Tex. Fam. Code Ann. ' 7.002 (Vernon 1998); see
Ismail, 702 S.W.2d at 219.  

The children=s education account
would have been community property had it been acquired while Zorilla was
domiciled in Texas, thus, the trial court had discretion to divide the account
in a just and right manner.  See Tex. Fam. Code Ann. '7.002.  Zorilla=s first issue is
overruled.








                                                  Property
Division

Zorilla attacks the marital property division in her second and third
issues.  She argues that the trial court
abused its discretion in dividing the property, and that the court=s order dividing the
marital property was against the great weight and preponderance of the
evidence.  According to Zorilla=s brief, she was
awarded a net amount of $725,106, or approximately sixty percent of the
property, and Wahid was awarded a net amount of $479,257.60, or approximately
forty percent of the marital estate.

In a divorce decree, the trial court shall order a division of the
parties= estate in a manner
that the court Adeems just and right.@  Tex.
Fam. Code Ann. ' 7.001 (Vernon
1998).  Trial courts have wide discretion
in making a just and right decision.  Schlueter
v. Schlueter, 975 S.W.2d 584, 589 (Tex. 1998).  Under an abuse of discretion standard, legal
and factual sufficiency are not independent grounds of error, but are relevant
factors in assessing whether the trial court abused its discretion.  In re H.S.N., 69 S.W.3d 829, 831 n.1
(Tex. App.BCorpus Christi 2002,
no pet.).[1]








The community property need not be equally apportioned between the
parties.  Murff v. Murff, 615
S.W.2d 696, 698-99 (Tex. 1981).  The
trial court may consider many factors, including the parties= earning capacities,
education, business opportunities, physical condition, financial condition,
age, size of separate estates, nature of the property, and the benefits that
the spouse who did not cause the breakup of the marriage would have enjoyed had
the marriage continued.  Id. at
699; Walston v. Walston, 971 S.W.2d 687, 691 (Tex. App.BWaco 1998, pet.
denied).  The court may consider a spouse=s dissipation of the
community estate, as well as the spouse=s misuse of community
property.  Vannerson v. Vannerson,
857 S.W.2d 659, 669 (Tex. App.BHouston [1st Dist.]
1993, writ denied).  A disproportionate
award may also be considered when a spouse conceals community assets.  Rafidi v. Rafidi, 718 S.W.2d 43, 45
(Tex. App.BDallas 1988, no
writ).  A spouse=s failure to make
court-ordered temporary support payments or failure to obey the court=s temporary order
restricting the use of community assets may also justify a disproportionate
award from the community estate.  Jones
v. Jones, 699 S.W.2d 583, 585 (Tex. App.BTexarkana 1985, no writ).

The record contains evidence indicating that Wahid contributed less
than an equal share to the family=s finances, dissipated
the family=s assets, and failed
to make court-ordered payments.  However,
the record also contains evidence from which the trial court may have inferred
that Zorilla attempted to conceal assets by transferring them into a friend=s name, misrepresented
her income, and quit or cut back on her employment in order to obtain
additional funds from Wahid.  








Based on the record evidence, we conclude that the trial court did not
abuse its discretion in awarding sixty percent of the marital estate to Zorilla.  Schlueter, 975 S.W.2d at 589.  Zorilla=s second and third
issues are overruled.

                                                    Child
Support

In her fourth issue, Zorilla contends that Wahid is purposefully
underemployed, and thus the child support amount should be increased to reflect
his potential earnings.  Alternatively,
Zorilla argues that the trial court erred in ordering $1,500.00 per month in
child support because Athe amount is
incorrect.@ 

The trial court is accorded broad discretion in setting and modifying
child support payments and, absent a clear abuse of discretion, the trial court=s order will not be
disturbed on appeal.  In re Davis,
30 S.W.3d 609, 616 (Tex. App.BTexarkana 2000, no
pet.); Stocker v. Magera, 807 S.W.2d 753, 754 (Tex. App.BTexarkana 1990, writ
denied).  In determining whether the
trial court abused its discretion, we view the evidence in the light most
favorable to the trial court=s action, indulging
every presumption in favor of the judgment. 
In re P.J.H., 25 S.W.3d 402, 405 (Tex. App.BFort Worth 2000, no
pet.).  If some probative and substantive
evidence supports the trial court=s findings, the trial
court did not abuse its discretion.  Id.








Wahid=s net resources
exceeded $6,000 per month.  If a parent=s net resources exceed
$6,000 per month, the court shall Apresumptively@ apply the percentage
guidelines to the first $6,000 of the parent=s net resources. 
Tex. Fam. Code Ann. ' 154.126 (Vernon
1996).  The court may further order additional
amounts of child support as appropriate, depending on the income of the parties
and the proven needs of the child.  Id.  

However, if a parent=s actual income is
significantly less than he could earn because of his intentional unemployment
or underemployment, the court may apply the child support guidelines to his
earning potential rather than to his actual net resources.  Tex.
Fam. Code Ann. ' 154.066 (Vernon
1996); Davis, 30 S.W.3d at 616. 
To make a finding of intentional underemployment or unemployment, there
must be evidence the parent reduced his income for the purpose of decreasing
his child support payment.  P.J.H.,
25 S.W.3d at 405.  The requisite intent,
or lack thereof, to be underemployed or unemployed for the purpose of
determining a child support award may be inferred from such circumstances as
the parent=s education, economic
adversities, business reversals, business background, and earning
potential.  Davis, 30 S.W.3d at
617; P.J.H., 25 S.W.3d at 405-06. 
At the same time, the court must keep in mind a parent=s right to pursue his
or her own happiness.  Dubois v.
Dubois, 956 S.W.2d 607, 610 (Tex. App.BTyler 1997, no
pet.).  Once the parent who is obligated
to pay child support has offered proof of his or her current wages, the other
parent bears the burden to show that the obligor is intentionally underemployed
or unemployed.  Id.








Zorilla argues that Wahid should pay additional child support on
grounds that, if he changed jobs, he could earn as much as $350,000 annually,
rather than the $145,000 that he made in 1999. Although Wahid, a licensed
physician, is board-certified in oncology, he works in the mental health field
rather than oncology.  According to
Zorilla, Wahid is Apurposefully under
employing himself@ because he could earn
much more by working in the field of his board certification.  

Based on the record before this Court, we conclude that the trial
court did not abuse its discretion in finding that Wahid was not intentionally
underemployed.  Davis, 30 S.W.2d
at 616.  Fundamentally, Zorilla=s arguments that Wahid
could have obtained more lucrative employment are speculative in nature.  The record fails to contain evidence
regarding specific job openings for higher-paying positions for which Wahid was
qualified.  Wahid testified, without
contradiction, that he was not capable of working the ninety-plus hours weekly
that would be required for more remunerative work in the private sector.  There is no evidence that Wahid=s underemployment was
effectuated for the specific purpose of reducing his child support
obligations.  Further, cases awarding
child support based on underemployment generally rest on high past earnings
that are presently reduced, and in this case, Wahid has never earned more money
than at present.  See, e.g., P.J.H.,
25 S.W.3d at 405-06; Dubois, 956 S.W.2d at 610.  The trial court=s decision regarding the appropriate amount of
child support was based, in part, on the credibility of the witnesses, a matter
within the trial court=s purview, and we will
not disturb that decision on appeal.  See
Norris v. Norris, 56 S.W.3d 333, 338 (Tex. App.BEl Paso 2001, no
pet.).








Zorilla further argues that the trial court erred in ordering
$1,500.00 per month in child support because Athe amount is incorrect.@  Although the divorce decree, entered December
1, 2000, awards Zorilla $1,500.00 per month in child support, the trial court=s findings of fact,
entered March 1, 2001, recite that Wahid is to pay child support of $1,800.00
per month.  

Findings of fact and conclusions of law filed after a judgment are
controlling if there is any conflict between them and the judgment.  City of Laredo v. R. Vela Exxon, Inc.,
966 S.W.2d 673, 678 (Tex. App.BSan Antonio 1998, writ
denied); Arena v. Arena, 822 S.W.2d 645, 652 (Tex. App.BFort Worth 1991, no
writ).  Similarly, according to Texas
Rule of Civil Procedure 299a, if there is a conflict between findings of fact
recited in a judgment and findings of fact made otherwise, the findings of fact
will control for appellate purposes.  Tex. R. Civ. P. 299a; see Tate v.
Tate, 55 S.W.3d 1, 9 (Tex. App.BEl Paso 2000, no
pet.).  When an appellate court is
presented with a conflict between a judgment and subsequent findings and
conclusions, the appellate court has the power to modify the judgment to
conform with the findings of fact and conclusions of law.  Arena, 822 S.W.2d at 652.  

Based on the foregoing, we sustain Zorilla=s fourth issue, and
modify the judgment to reflect that Wahid is to pay child support in the sum of
$1,800.00 per month.

                                                   Attorney=s Fees








Even though attorney=s fees were not
assessed against Zorilla, in her fifth issue, Zorilla contends that the trial
court erred in awarding attorney=s fees.  The trial court ordered payment of attorney=s fees in the Final
Decree of Divorce, and assessed all attorney=s fees against Wahid and in favor of Zorilla. Zorilla
attacks the basis for the award, given that Acustody of the children was not even contested,@ and also contests the
sufficiency of the evidence for the award. 


While Zorilla referenced attorney=s fees in her motion
for new trial, she argued only that Athe trial court erred
in ordering payment by Rosalinda A. Saldana of $27,338" to Wahid.  Zorilla had transferred community property
funds to Saldana, thus Saldana was a party to the divorce proceedings.  Zorilla argued that Wahid owed her $24,000 in
past due spousal support, and therefore, $24,000 of the monies held by Saldana
should have been awarded to Zorilla in satisfaction of the spousal support
award.  

Zorilla did not otherwise raise the issue of attorney=s fees in the trial
court through a motion for new trial or motion to modify the judgment.
Therefore, Zorilla=s arguments regarding
the award of attorney=s fees are not
preserved for review.  Tex. R. App. P. 33.1; Henry v. Henry,
48 S.W.3d 468, 480 (Tex. App.BHouston [14th Dist.]
2001, no pet.); Massey v. Massey, 807 S.W.2d 391, 403 (Tex. App.BHouston [1st Dist.]
1991, writ denied).








Even if this issue were preserved for review, we would conclude that
the award of attorney=s fees was supported
by the law.  We agree with appellant that
the trial court does not have inherent authority to award attorney=s fees in a
divorce.  Toles v. Toles, 45
S.W.3d 252, 267 (Tex. App.BDallas 2001, pet.
denied).  However, a trial court may
award attorney=s fees in a suit
affecting the parent-child relationship. 
Tex. Fam. Code Ann. ' 106.002 (Vernon Supp.
2002); Henry, 48 S.W.3d at 480. 
Moreover, a court may also apportion attorney=s fees in a divorce
action as part of a just and right division of property.  Henry, 48 S.W.3d at 480; Capellan
v. Capellan, 888 S.W.2d 539, 544-45 (Tex. App.BEl Paso 1994, writ
denied).  

In the instant case, the trial court had authority to award attorney=s fees in conjunction
with a Ajust and right@ division of property,
and further had authority to award fees given that the instant suit affected
the parent-child relationship.  Although
Zorilla argues that Acustody of the
children was not even contested,@ this argument is not
supported by the record.  Custody of the
children was a disputed issue in the proceedings below.  In Zorilla=s motion for new trial, she argues that the trial
court erred in awarding joint managing conservatorship over the children.  In fact, Zorilla argued that Wahid might
kidnap the children and take them to Bangladesh.  

We conclude that the trial court=s award of attorney=s fees did not
constitute an abuse of discretion.  See
Thomas v. Thomas, 895 S.W.2d 895, 898 (Tex. App.BWaco 1995, writ
denied).  Zorilla=s fifth issue is
overruled.

                                                             II.

                                              Nurul
Wahid=s Appeal








The trial court granted Zorilla temporary support and entered an order
awarding her $24,000 for past-due support payments.  Wahid raises three issues attacking the award
of $24,000:  (1) the trial court erred in
granting temporary support to Zorilla as she had adequate income to support
herself; (2) the order on motion for enforcement of spousal maintenance is not
enforceable because it was not incorporated in the final divorce decree; and
(3) the order on motion for enforcement of spousal maintenance is not
enforceable because it was voided by the terms of the final decree of divorce.

The trial court has broad, but not unlimited, discretion in making
temporary orders for support during the course of divorce proceedings, and the
trial court=s order will not be
disturbed absent an abuse of discretion. 
Herschberg v. Herschberg, 994 S.W.2d 273, 278 (Tex. App.BCorpus Christi 1999,
pet. denied). 

The trial court had before it conflicting evidence regarding Zorilla=s means to pay for her
necessities and Wahid=s ability to pay, and
some evidence supports the trial court=s award of temporary
support.  See id.  An abuse of discretion does not exist if the
trial court bases its decision on conflicting evidence and some evidence
reasonably supports the trial court=s decision.  See Davis v. Huey, 571 S.W.2d 859, 862
(Tex. 1978).  Moreover, we assume that,
upon final division, the trial court considered the equities of the parties and
made final adjustments for the amount of temporary support  in making a just and right division of the
marital estate.  See Herschberg,
994 S.W.2d at 278. 








Further, the record shows no objection to the trial court=s initial ruling
granting Zorilla temporary support, and, in fact, the appellate record fails to
contain the order initially granting temporary support.  Wahid failed to pursue this interlocutory
ruling by mandamus, but instead waited until the trial court entered an order
enforcing its award of temporary support. 
See Tex. Fam. Code Ann.
' 6.507 (Vernon 1998)
(temporary orders generally not subject to interlocutory appeal); Dancy v.
Daggett, 815 S.W.2d 548, 549 (Tex. 1991) (per curiam) (allowing review of
temporary orders by mandamus).  We
question whether Wahid=s actions have timely
and adequately preserved this issue for review. 
See Tex. R. App. P.
33.1.  We overrule Wahid=s first issue.

In his second and third issues, Wahid argues that the trial court=s order was not
enforceable because it was not incorporated in the final divorce decree and
because it was voided by the terms of the final decree of divorce.  In the instant case, the trial court entered
both the AFinal Decree of
Divorce@ and the AOrder on Motion for
Enforcement of Spousal Maintenance@ on the same day.  The divorce decree provides that the parties
are Adischarged from all
further liabilities and obligations imposed by the temporary orders of this
Court.@








The provisions of the family code contemplate that the trial court has
the authority to issue temporary orders separate and apart from the divorce
decree.  See, e.g., Tex. Fam. Code Ann. ' 6.709 (Vernon
1998).  The rendition of a final divorce
decree does not in itself nullify any temporary order with respect to payments
past due.  In re Gonzalez, 993
S.W.2d 147, 157 (Tex. App.BSan Antonio 1999, pet.
denied); Ex parte Shaver, 597 S.W.2d 498, 500 (Tex. App.BDallas 1980, orig.
proceeding).  It supersedes the temporary
order with respect to future support, but the obligation for past support, as
fixed by the temporary order, continues unless modified by the provisions of
the divorce decree.  Shaver, 597
S.W.2d at 500.  The rendition of
the divorce decree is not inconsistent with a continuing obligation to make
payments that are past due under the temporary order.  Id. 


In the instant case, the language in the divorce decree terminating
the effect of temporary orders is expressly applicable to Afurther@ liabilities.  We conclude that the obligation for past
support was not extinguished by the divorce decree.  Wahid=s second and third
issues are overruled.

                                                             III.

                                                      Conclusion

We affirm the trial court=s order enforcing the
award of $24,000 to Zorilla.  We modify
the final decree of divorce to provide that Wahid is to pay child support in
the sum of $1,800.00 per month, rather than $1,500.00 per month as originally
provided in the decree.  As modified, the
decree is affirmed.

 

                                                                                                                            

ROGELIO VALDEZ

Chief Justice

 

Publish.

Tex. R. App. P. 47.3.

 

Opinion delivered and filed

this 18th day of July, 2002.











[1] We
follow the majority of courts in concluding that when the trial court=s
ruling on the merits is reviewed under an abuse of discretion standard, the
normal sufficiency of the evidence review is part of the abuse of discretion
review and not an independent ground for reversal.  See, e.g., Crawford v. Hope, 898
S.W.2d 937, 940-41 (Tex. App.BAmarillo
1995, writ denied); Thomas v. Thomas, 895 S.W.2d 895, 898 (Tex. App.BWaco
1995, writ denied); In re Driver, 895 S.W.2d 875, 877 (Tex. App.BFort
Worth 1995, no writ).  We decline to
follow the El Paso Court of Appeals, which applies a two-pronged inquiry when
considering an abuse of discretion standard: (1) did the trial court have
sufficient information upon which to exercise its discretion; and (2) did the
trial court err in its application of discretion.  See Norris v. Norris, 56 S.W.3d 333,
338 (Tex. App.BEl Paso 2001,
no pet.).