**AFFIRMED; and Opinion Filed July 21, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01151-CV

## IN THE MATTER OF THE MARRIAGE OF MARIA E. SVALESEN
## AND SCOTT B. SVALESEN

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-12-12143-U**

## MEMORANDUM OPINION

Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Lang

This is an appeal from the trial court's final decree of divorce. In two issues, Scott B. Svalesen asserts the trial court erred in (1) granting the divorce without any evidence satisfying the residence and domicile requirements of section 6.301 of the Texas Family Code and (2) awarding Maria E. Svalesen (Wife) a disproportionate share of the community property. We affirm the trial court's judgment.

### I. BACKGROUND

Wife filed for divorce in July 2012 after nearly thirty years of marriage. As grounds, she alleged insupportability and cruel treatment by Svalesen. Svalesen did not secure counsel, but filed an answer pro se.

Svalesen appeared pro se at trial on a bench warrant from jail, where he awaited a criminal trial on assault charges described below. Trial proceeded with Wife's presentation of evidence.

Wife testified Svalesen had been emotionally abusive during the marriage and became physically abusive towards the end of the marriage. Specifically, he assaulted her twice in the first half of 2012, and assaulted her again after the divorce was filed.

The first assault occurred in January 2012 and caused a "massive rotator cuff tear" that required surgery and physical therapy three times a week. She did not file a complaint, however, and continued living with Svalesen. The second assault occurred in June 2012 and led to her filing a complaint and obtaining a protective order. A week after this assault, Svalesen was arrested for violating the protective order. In August 2012, he pleaded guilty to both the June assault and protective order violation and was placed on deferred adjudication community supervision for eighteen months. Two months later, he assaulted her a third time. Following this assault, the State moved to adjudicate guilt and revoke probation and also charged Svalesen with "assault family violence with a prior conviction." Svalesen was arrested and remained in jail awaiting a criminal trial.

Wife testified that she was afraid of Svalesen, and she sought a permanent injunction prohibiting Svalesen from making contact with her, damages for the suffering, and expenses associated with the assaults. She testified she owed "the hospital and [for] the surgery," but did not state the total amount owed. However, she testified she wanted the trial judge "to enter [in the divorce decree] an amount . . . for pain and suffering in this case and for future medical and present medical expenses" incurred. Wife testified also that she was seeking a disproportionate division of the community property which consisted, in part, of a 2011 Ford Escape, "worth less than the amount owed against it;" her pension plan with a "lump sum" of $357,000 from her

thirty-year employment with AT&T; her 401(k), also from her employment with AT&T, with a balance of $42,000; and a checking account with a balance of $900. Wife and Svalesen also owned a house they purchased in 1999. The house had a swimming pool and was "in a great area," but needed some repairs. Also, the mortgage payments were not current. Wife testified she tried to pay the $903 monthly mortgage payments and other living expenses by withdrawing, at a penalty, funds from her 401(k), to make up for the loss of Svalesen's support when he went to jail. However, she fell behind three months in the mortgage payments. She testified she wanted to sell the house and "start a new life." She estimated a mortgage balance of $102,000 and a selling price between $145,000 and $150,000.

Wife asked to be awarded the car, the checking account in its entirety, her pension plan and 401(k) in their entirety, and attorney's fees in the amount of $20,262.89. She also asked the house be sold, with any proceeds split equally between her and Svalesen. With respect to the community debts, she asked the trial court order her to pay a certain Chase credit card, a "Bill Me Later" account, the car note, and the mortgage until the house is sold. She asked Svalesen be ordered to pay all credit card debt in his name.

Svalesen testified he "was a family man, and [] deserve[d] half of everything." He helped with their children when the children were younger and tried to offer Wife a better life than she had as a child. According to Svalesen, she was abused by her father, and "mental illness" ran in her family. Also, he testified Wife drank alcohol frequently and "heavily" and "passed out" often. When she drank, he took care of her, helping her to bed, making sure she did not fall asleep with a cigarette in her hand, keeping her away from the swimming pool, and waking her up in the morning for work. Svalesen denied abusing Wife and testified her shoulder injury in January 2012 occurred while she was drinking. Until about 2008 when he became disabled, he worked in restaurants. He had no retirement benefits of his own, and his sole income was $1400

per month in social security disability benefits. Svalesen agreed the house should be sold and testified he wanted to move to New York.

After asking Wife and Svalesen a few clarifying questions, the trial judge orally pronounced her ruling. Finding a history and pattern of family violence, the trial judge granted the divorce on the ground of cruelty and granted permanent injunctive relief prohibiting Svalesen from contacting Wife. The trial judge also awarded a disproportionate division of the property. Specifically, with respect to the debt, she ordered each party to pay all debt in their individual names and also ordered Wife to pay the car note. With respect to the house, she awarded Wife exclusive possession of the house, ordered her to pay the mortgage until the house was sold, and ordered any net proceeds be divided equally between Wife and Svalesen. As to the other community property, she awarded Svalesen $15,000 from Wife's 401(k), fifteen-percent of Wife's pension, his social security disability benefits, and all property in his possession or subject to his control. The balance of the community property was awarded to Wife along with a judgment against Svalesen for attorney's fees in the amount requested. The trial court denied "the requested relief for judgment for personal injury" based on insufficient evidence. The divorce decree included the above provisions, but no findings of fact or conclusions of law were rendered.

## II. RESIDENCY REQUIREMENT

In his second issue, Svalesen argues the court erred in granting the divorce when no evidence was presented of the residence of either party as required by section 6.301 of the Texas Family Code. Wife responds that no evidence was necessary because she admitted in her petition for divorce that she met the residency requirements. We agree with Wife.

*A. Applicable Law and Standard of Review*

Section 6.301 provides that "[a] suit for divorce may not be maintained in this state unless at the time the suit is filed either the petitioner or respondent has been: (1) a domiciliary of this state for the preceding six-month period; and (2) a resident of the county in which the suit is filed for the preceding 90-day period." TEX. FAM. CODE ANN. § 6.301 (West 2006). These requirements are not jurisdictional, but prescribe the necessary qualifications for bringing a suit for divorce in Texas. *Stallworth v. Stallworth*, 201 S.W.3d 338, 345 (Tex. App.—Dallas 2006, no pet.). Questions of residency and domicile as qualifications for a divorce action are fact issues to be determined by the trial court, and an appellate court will not disturb the trial court's determination absent an abuse of discretion. *Id.* A statement in the petition for divorce that the petitioner satisfies the residency and domicile requirements is considered a judicial admission in the divorce and obviates the need for any evidence on that issue. *Barnard v. Barnard*, 133 S.W.3d 782, 785 (Tex. App.—Fort Worth 2004, pet. denied); *see also Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983) ("Assertions of fact, not plead in the alternative, in the live pleadings of a party are regarded as formal judicial admissions. Any fact admitted is conclusively established in the case without the introduction of the pleadings or presentation of other evidence.").

### B. Application of Law to Facts

Although Svalesen asserts the trial court erred in granting the divorce because no evidence on residency was presented, none was necessary. In her second amended petition for divorce, her live pleading, Wife stated she had been a domiciliary of Texas for the preceding six-month period and a resident of Dallas County for the preceding ninety-day period. This admission was unequivocal and conclusively established the residency requirements. *See Musick*, 650 S.W.2d at 767; *Barnard*, 133 S.W.3d at 785. No further evidence was necessary, and no error occurred in granting the divorce without specific evidence on the issue. *See Musick*,

650 S.W.2d at 767; *Barnard*, 133 S.W.3d at 785. We decide Svalesen's second issue against him.

### III. PROPERTY DIVISION

In his first issue, Svalesen challenges the trial court's division of property. Specifically, he asserts the property division was manifestly unjust and unfair because (a) no evidence was presented as to the amount of debt owed; (b) the trial court failed to "properly tak[e] into account the factors set out in *Murff v. Murff*, 615 S.W.2d 696 (Tex. 1981); (c) it was "use[d] . . . to punish [him] for his alleged wrongdoing;" (d) it was "so disproportionate" as to "shock[] the conscience;" and, (e) the divorce was finalized before discovery was conducted. Wife responds the trial court's division of property was "right and just" in light of the record. Again, we agree with Wife.

### A. Standard of Review

An appellate court reviews a trial court's division of property for abuse of discretion. *Reisler v. Reisler*, 439 S.W.3d 615, 619 (Tex. App.—Dallas 2014, no pet.). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without any reference to guiding rules and principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

In determining whether the trial court abused its discretion in a family law case, the appellate court considers whether the trial court (1) had sufficient evidence upon which to exercise its discretion and (2) erred in its application of that discretion. *Hinton v. Burns*, 433 S.W.3d 189, 193-94 (Tex. App.—Dallas 2014, no pet.). The first prong involves a review of the trial court's findings of fact supporting the judgment and requires an appellate court to give substantial deference to the trial court' determination of the weight and credibility of the evidence. *See Reisler*, 439 S.W.3d at 620; *In re C.A.S.*, 405 S.W.3d 373, 382-83 (Tex. App.—Dallas 2013, no pet.). When, as here, no findings were requested or filed, all findings necessary

to support the judgment are implied. *Worford*, 821 S.W.2d at 109. Legally sufficient evidence exists when "the evidence at trial . . . enable[s] reasonable and fair-minded people to reach the verdict under review." *In re C.A.S.*, 405 S.W.3d at 382 (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). In evaluating the evidence for legal sufficiency, the appellate court credits evidence that supports the finding if a reasonable fact finder could and disregards contrary evidence unless a reasonable fact finder could not. *Id.* Factually sufficient evidence exists when the evidence is not so against the great weight as to be clearly wrong and unjust. *Id.* at 383. In evaluating the evidence for factual sufficiency, the appellate court considers all the evidence in the record. *Id.* at 382-83. If the appellate court concludes sufficient evidence was presented, the court then determines whether, based on the elicited evidence, the trial court made a reasonable decision. *Id.* at 383. No abuse of discretion will be found if some evidence of a substantive and probative character exists to support the decision. *Id.* The trial court is presumed to have exercised its discretion properly, and a party complaining of the division of the estate has the burden of showing from the evidence in the record that the division was so unjust and unfair as to constitute an abuse of discretion. *Murff*, 615 S.W.2d at 699; *In re C.A.S.*, 405 S.W.3d at 384. Generally, a party who does not provide the trial court any value for the property cannot, on appeal, complain the trial court lacked information to properly divide the estate. *In re C.A.S.*, 405 S.W.3d at 385.

### B. Applicable Law

A trial court is required to divide a divorcing parties' estate "in a manner that the court deems just and right, having due regard for the rights of each party." TEX. FAM. CODE ANN. § 7.001 (West 2006). The division need not be equal, and an unequal division will be upheld on appeal so long as a reasonable basis exists for it. *Murff*, 615 S.W.2d at 699; *Rafidi v. Rafidi*, 718 S.W.2d 43, 45 (Tex. App.—Dallas 1986, no writ). In exercising its discretion in dividing the

estate, the trial court may consider many factors, commonly known as the "Murff factors," including:

- the nature of the property;
- the disparity of incomes or earning capacities;
- the parties' business opportunities;
- the parties' relative financial condition and obligations;
- the parties' education and physical condition;
- the disparity in ages;
- fault in the break-up of the marriage;
- the benefit the innocent spouse would have received had the marriage continued;
- the size of any separate estates; and,
- the probable need for future support.

*Murff*, 615 S.W.2d at 699; *In re C.A.S.*, 405 S.W.3d at 384.

### C. Application of Law to Facts

Svalesen bases his claim that the trial court's division of property was unjust and unfair on his determination that the trial court awarded Wife approximately eighty-three percent of the community estate and awarded him only seventeen percent of the estate. It is unclear how Svalesen determined that proportion, but even assuming it is correct, we conclude sufficient evidence was presented to support the trial court's division of property. The trial judge heard testimony of Svalesen's abusive treatment of Wife, Wife's withdrawal of retirement funds to make ends meet after Svalesen was arrested and provided no support, the condition of the house, the estimated mortgage balance, the estimated selling price of the house, Wife's drinking, Svalesen's role in the family, Svalesen's disability, and Svalesen's desire to move to New York. The trial judge "ha[d] the opportunity to observe the parties on the witness stand, determine their credibility, [and] evaluate their needs and potentials, both social and economic." *Murff*, 615 S.W.2d at 700. The trial judge found insufficient evidence to award Wife damages for the suffering and expenses caused by the assaults, but, after hearing the parties' testimony, found a pattern of family violence. Although Svalesen denied at trial that he abused Wife, he does not challenge the trial court's ruling granting the divorce on the basis of cruel treatment, and,

–8–

because the trial judge determined the weight and credibility of the evidence, we will not disturb the ruling. *See Reisler*, 439 S.W.3d at 620. We conclude Svalesen has failed to show from the evidence in the record that the trial judge divided the community property as she did to punish Svalesen or that the division was so unjust and unfair as to constitute an abuse of discretion. *See Ohendalski v. Ohendalski*, 203 S.W.3d 910, 914 (Tex. App.—Beaumont 2006, no pet.) (award to wife of eighty-one percent of community estate not abuse of discretion where sufficient evidence showed husband committed adultery and was abusive towards wife); *Rafidi*, 718 S.W.2d at 45-46 (award to wife of "85-90%" of community assets not abuse of discretion where evidence supported finding husband concealed community assets); *Morrison v. Morrison*, 713 S.W.2d 377, 379-80 (Tex. App.—Dallas 1986, writ dism'd) (award to wife of "83.5%" of community estate not abuse of discretion where husband committed adultery and misused funds).

In concluding the trial court's property division was not an abuse of discretion, we acknowledge no evidence was presented as to the amount of credit card debt, information that would have been useful in determining how to divide the estate. However, Svalesen himself failed to present evidence on this issue, even if only in regard to his debt. Accordingly, he cannot complain now the trial court lacked information. *Se In re CAS*, 405 S.W.3d at 389 (concluding husband waived right to complain of trial court's lack of information in dividing contents of wife's safe deposit box where neither party testified about value of items in box). To the extent he complains he was unable to provide testimony regarding the amount of debt owed because the divorce was finalized before discovery was conducted, we note the trial was on March 14, 2013, eight months after Wife filed for divorce. As reason for not seeking discovery during this eight-month period, Svalesen contends his incarceration prevented him from doing so. However, he provided no evidence at trial showing he was unable to conduct discovery or retain legal counsel to assist him while in jail or while he was on probation between August 2012

–9–

and October 2012.  As Wife points out, he filed an answer to the divorce petition while in jail and presented a defense at trial.  Further, the clerk's record reflects he filed a pro se motion for new trial from jail.  On the record before us, we conclude no error occurred in finalizing the divorce without discovery being conducted.  We decide Svalesen's first issue against him.

## IV. CONCLUSION

Having decided Svalesen's two issues against him, we affirm the trial court's judgment.

131151F.P05

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE MATTER OF THE MARRIAGE
OF MARIA E. SVALESEN AND SCOTT
B. SVALESEN, Appellant

No. 05-13-01151-CV

On Appeal from the 302nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-12-12143-U.
Opinion delivered by Justice Lang. Justices
Stoddart and Schenck participating.

In accordance with the Court's opinion of this date, we **AFFIRM** the trial court's judgment.

We **ORDER** that appellee Maria E. Svalesen recover her costs of this appeal from appellant Scott B. Svalesen.

Judgment entered this 21st day of July, 2015.